UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVE KENNETH MCGIBBON,

    Plaintiff,

v.

GEORGE STEPHENSON, *et al.*,

    Defendants.

_____/

Case No. 22-cv-12167

U.S. District Court Judge
Gershwin A. Drain

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### I.   INTRODUCTION

Plaintiff Dave Kenneth McGibbon, initiated the instant *pro se* civil rights action against the Warden of the Macomb Correctional Facility, George Stephenson; the Director of the Michigan Department of Corrections, Heidi Washington; and Corrections Officer Rushing. ECF No. 1. McGibbon is currently incarcerated at the Macomb Correctional Facility in Lennox Township, Michigan. *Id.* He brings claims under 42 U.S.C. § 1983 and alleges that Defendants violated his rights under the Eighth Amendment and the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 et seq. *Id.*

1

The Court granted McGibbon's Application to Proceed without Prepaying Fees or Costs. ECF No. 6. As such, the Court must review the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court **SUMMARILY DISMISSES** McGibbon's Complaint **IN PART**. Specifically, the Court **SUMMARILY DISMISSES** Defendants Heidi Washington and Rushing, and **SUMMARILY DISMISSES** McGibbon's claims regarding the PREA.

## II.  BACKGROUND

McGibbon alleges that, he was required to be strip-searched after exiting the visiting room at the Macomb Correctional Facility on May 15, 2022. ECF No. 1, PageID.3. He completely disrobed and was directed by a corrections officer to "lift his genitals, turn around, bend over and spread his buttocks and cough." *Id*. After complying with these directions, McGibbon noticed a camera mounted on the ceiling and pointed toward him. *Id*. He complained to the corrections officer who told McGibbon that the prison administration was responsible for placement of the video camera. *Id*. McGibbon claims that anyone, including women, could have access to the video footage. *Id*.

McGibbon argues that tape recording him during the strip search violated his rights under the PREA and Eighth Amendment. *Id.* at PageID.4. He seeks monetary and injunctive relief. *Id.* at PageID.5.

2

### III. LEGAL & ANALYSIS

**A. Legal Standard**

McGibbon has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

The Court uses a flexible standard to evaluate the sufficiency of the pleading, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what

3

the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 35 F.4th 459, 468 (6th Cir. 2022), *cert. denied sub nom. Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Doe*, No. 22-423, 2023 WL 124074 (U.S. Jan. 9, 2023).

**B. Discussion**

The PREA does not create a private cause of action. *See Krieg v. Steele*, 599 F. App'x 231, 233 (5th Cir. 2015) ("[A]ny claim raised under the PREA is properly dismissed as frivolous."); *Perry v. Warden Warren Correctional Institution*, No. 1:20-CV-30, 2020 WL 3396317, at *6 (S.D. Ohio June 19, 2020) ("PREA does not create a private right of action."); *Peterson v. Burris,* 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual

4

prisoners." (collecting cases)).  Instead, "[t]he PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue.  The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07–cv–229, 2008 WL 3851294, at *3 (D.Vt. Aug. 13, 2008) (internal citation omitted).  Because the PREA does not create a private right of action, McGibbon's PREA claim will be dismissed.

Next, McGibbon's claims against Michigan Department of Corrections Director Heidi Washington are based on her role as a supervisor.  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless the plaintiff can show "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Thus, to state a claim for supervisory liability, "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 539 (6th Cir. 2018) (quoting *Bellamy*, 729 F.2d at 421).

Here, McGibbon fails to allege that Washington "actively engaged in unconstitutional behavior" rather than a "'mere failure to act.'" *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999)). Indeed, McGibbon's makes no reference to Washington other than to say she "is legally responsible for the overall operation of the [Michigan Department of Corrections] and each institution under its jurisdiction, including Macomb Correction[al] Facility." ECF No. 1, PageID.2. McGibbon therefore fails to state a claim under which relief may be granted against Defendant Washington.

Finally, McGibbon names Corrections Officer Rushing as a defendant but makes no specific allegations against him. *See generally* ECF No. 1. McGibbon appears to base his claims against Rushing on Rushing's response to McGibbon's grievance regarding the camera. *Id.* at PageID.10. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. However, while a prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances, *see Smith v. Arkansas State Highway Employees*, *Local 1315*, 441 U.S. 463, 464-65 (1979). Accordingly, Rushing's denial of McGibbon's

6

grievance fails to state a claim upon which relief may be granted. *See O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014) (holding that a defendant's denial of an administrative grievance was "insufficient to show personal involvement in the alleged unconstitutional conduct as required to state a claim under § 1983"); *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) ("the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983").

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that McGibbon's Complaint (ECF No. 1) is **SUMMARILY DISMISSED IN PART**. Specifically, the Court **SUMMARILY DISMISSES** Defendants Heidi Washington and Sergeant Rushing and **SUMMARILY DISMISSES** McGibbon's claims regarding the PREA. McGibbon's remaining claims against Defendant George Stephenson may proceed.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  February 8, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 8, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

8