UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVE KENNETH MCGIBBON,

    *Plaintiff*,

v.

GEORGE STEPHENSON,

    *Defendant.*

_____/

Case No. 2:22-cv-12167

District Judge
Gershwin A. Drain

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#21] AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Dave Kenneth McGibbon ("Plaintiff"), an inmate at the Macomb Correctional Facility, initiated this Eighth Amendment action under 42 U.S.C. § 1983 on September 13, 2022. ECF No. 1. He alleges that after he finished an authorized visit on May 15, 2022, former Warden George Stephenson ("Defendant") required him to strip naked for a routine "shake down" while in view of a prison security camera. *Id.* at PageID.3.[1] Plaintiff asserts that by maintaining a security camera in the post-visit strip search room, Defendant was negligent in his duty to protect Plaintiff's rights guaranteed by the Eighth Amendment, the Prison Rape Elimination Act

---

[1] Originally named as defendants were Michigan Department of Corrections Director Heidi Washington and Corrections Officer Rushing. ECF No. 1. They were summarily dismissed on February 8, 2023. ECF No. 8.

1

("PREA"), and Mich. Comp. Laws. §750.539j.[2]

The Court referred this matter to Magistrate Judge Elizabeth A. Stafford for resolution of all pretrial proceedings on August 29, 2023. ECF No. 19.[3] Judge Stafford issued a Report and Recommendation on September 20, 2023, recommending that the Court sua sponte dismiss Plaintiff's action for failure to state a claim. ECF No. 21. The Court now considers Plaintiff's timely October 27, 2023 Objections to the Report and Recommendation.[4] For the reasons stated herein, the Court will dismiss Plaintiff's claim.

## I. LEGAL STANDARD

The Court reviews *de novo* the portions of a report and recommendation to which proper objections are made. Fed. R. Civ. P. 72(b)(3); *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 580 (E.D. Mich. 2014) (holding that the standard of review for a magistrate judges' report and recommendation is *de novo*). Objections to a report and recommendation must be specific and must clearly state the grounds

---

[2] The Court dismissed Plaintiff's PREA claim on February 8, 2023, finding that "the PREA does not create a private cause of action." ECF No. 8, PageID.39.
The Court notes further that Plaintiff has no claim under Mich. Comp. Laws. §750.539j. A right derived solely from guarantees of state law cannot be the basis for a claim for relief under § 1983. *German v. Killeen*, 495 F. Supp. 822, 829 (E.D. Mich. 1980) (quoting *Mo. ex rel. Gore v. Wochner*, 620 F.2d 183, 185 (8th Cir. 1980)).
[3] Plaintiff filed a Motion to Amend his Complaint on July 20, 2023, seeking leave to add a Fourth Amendment unreasonable search claim to his allegations. ECF No. 17. Judge Stafford denied Plaintiff's Motion, finding that his proposed amendment would be futile. ECF No. 20, PageID.81. The Court overruled Plaintiff's Objections to this Order. ECF No. 25.
[4] On October 18, 2023, the Court entered an Order extending Plaintiff's filing deadline to November 1, 2023. ECF No. 24.

2

for each objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (Quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections not currently before this Court have not been preserved for appellate review. "[M]aking some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  PLAINTIFF'S OBJECTIONS

### A.  Objection One

Plaintiff first argues that the Report and Recommendation "reiterates the requirements of plausibility," as outlined in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, but "falls short on providing [] the parts of the complaint that it deems to be implausible." ECF No. 26, PageID.101. Plaintiff asserts that the Report and Recommendation leaves him without "any legitimate means of scrutinizing what aspects of the complaint [] it takes issue with." *Id.*

Plaintiff's argument fails. As outlined in the Report and Recommendation, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at PageID.22 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff is incorrect in asserting that the Report and Recommendation does not explain why his Complaint

3

is deficient under this standard. To be sure, Judge Stafford succinctly stated her ruling as follows:

> As described above, McGibbon alleges that Stephenson allowed prison staff to videorecord his strip search in violation of the Eighth Amendment . . . But that conduct does not amount to a constitutional violation. Courts within the Sixth Circuit have held that no Fourth or Eighth Amendment violation occurs when prison staff videorecord an inmate strip search. (Citations omitted). Thus, McGibbon fails to state a claim under § 1983.

ECF No. 21, PageID.85–86.

The above ruling outlines precisely which part of the Complaint Judge Stafford deemed implausible. To reiterate, even if Plaintiff's allegations are true, he fails to state a claim for relief. The behavior that Plaintiff contests— videorecorded strip searches of inmates—has been found by multiple courts to be constitutionally permissible by prison officials. *Id.* Thus, Defendant's allegations do not state a plausible claim for relief because he does not allege that Defendant engaged in conduct that would violate Plaintiff's Eighth Amendment rights.

As Plaintiff does not object to the substance of Judge Stafford's conclusion, the Court will overrule the first Objection.

**B. Objection Two**

Plaintiff next contends that the Report and Recommendation rests on an error of law. He argues that Judge Stafford misstates precedent in finding that "[c]ourts within the Sixth Circuit have held that no Fourth or Eighth Amendment violation

occurs when prison staff videorecord an inmate strip search." ECF No. 26, PageID.101; ECF No. 21, PageID.85.

Plaintiff proposes that courts faced with a Fourth Amendment unreasonable search claim do not impose such a hard and fast rule. Rather, he suggests that "courts must consider the scope of the particular intrusion, the manner in which its conducted, the justification for initiating it . . . and the place in which it's conducted." ECF No. 26, PageID.101 (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). He further cites precedent supporting his proposition that inmates maintain some reasonable expectation of privacy and that "the Fourth Amendment protects prisoners from searches and seizures that go beyond legitimate penological interest[s]." ECF No. 26, PageID.102. He concludes that "what determines or invokes the Fourth Amendment is the elements surrounding the strip search itself." *Id.*

The Court must also overrule the second objection as irrelevant. There is no active Fourth Amendment claim in this case, so Plaintiff's Fourth Amendment arguments are inapposite. Plaintiff sought leave to add a Fourth Amendment claim to his allegations on July 27, 2023, but this Motion was denied as futile. ECF Nos. 17, 20 ("Because McGibbon's Fourth Amendment claim would be futile, the Court denies him leave to amend his complaint."). There have been no superseding rulings, and Judge Stafford's fleeting mention of the Fourth Amendment in her Report and

5

Recommendation did not undo her prior Order.

Further, Plaintiff does not contest Judge Stafford's conclusion that his Eighth Amendment allegations should be dismissed for failure to state a claim. Regardless of this oversight, the Court agrees with the Report and Recommendation. The law is clear that the mere act of videorecording a strip search does not violate an inmate's constitutional rights. "*Hubbert v. Myers*, No. 92-1232, 1993 U.S. App. LEXIS 21883 (6th Cir. Aug. 26, 1993); *Mallory v. Bolton*, No. 3:19-CV-P120-CRS, 2019 U.S. Dist. LEXIS 192727, at *18 (W.D. Ky. Nov. 6, 2019) (collecting cases).

Thus, the Court will overrule Plaintiff's second objection because his arguments "do not address the substance of the Magistrate Judge's report and recommendation and are irrelevant." *Green v. FedEx Supply Chain, Inc.*, No. 2:21-cv-02518-JPM-tmp, 2023 U.S. Dist. LEXIS 34131, at *6 (W.D. Tenn. Mar. 1, 2023) (quoting *Zammit v. IRS*, No. 14-14155, 2015 U.S. Dist. LEXIS 163332, at *1, 116 A.F.T.R.2d (RIA) 2015-6960 (E.D. Mich. Dec. 7, 2015)).

### III.  CONCLUSION

For the foregoing reasons, the Court will **ACCEPT and ADOPT** the Report and Recommendation [#21] as this Court's findings of fact and conclusions of law. Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: December 11, 2023 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 11, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager